MARTIN B. ROSENTHAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenthal v. Commissioner
Docket No. 10375-79.
United States Tax Court
T.C. Memo 1987-281; 1987 Tax Ct. Memo LEXIS 281; 53 T.C.M. (CCH) 1020; T.C.M. (RIA) 87281; June 8, 1987. Martin B. Rosenthal, pro se. Victoria Wilson Fernandez, for the respondent. PARR
*281 MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This case is before the Court on respondent's Motions for Default as to deficiencies and for Summary Judgment as to fraud. We treat both as motions for summary judgment. In his statutory notice of deficiency respondent determined deficiencies and additions *282 to tax in the following amounts for the following years: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1971
$1,994.19
$1,854.10
1972
2,014.19
4,598.24
1973
35,593.25
20,404.63
Procedural Background
On November 13, 1979, and after we granted petitioner's informal request to extend the time within which to file a proper amended petition, a petition was filed asserting error in respondent's determinations. [2] On January 11, 1980 respondent filed an answer denying the material allegations of the petition, and affirmatively pleading fraud. Respondent alleged in support of his fraud allegation that petitioner failed to report on a timely *283 return $16,309.07 for the 1971 taxable year, $222,175.95 for 1972, and $71,192.67 for 1973. Respondent also alleged in support of its fraud allegation that petitioner maintained nominee brokerage accounts in the name of his brother, that petitioner failed to inform respondent's investigating agent about one such nominee account, that petitioner received and then destroyed Form W-2, brokerage account statements, and Forms 1099 from payors of income to him during the years 1972 and 1973, and that petitioner failed to maintain or submit for examination complete and adequate books of acccount and records of income-producing activity for each of the years in issue. Respondent alternatively alleged in his answer that if we did not find that parts of the underpayments of tax required to be shown on petitioner's timely filed returns were due to fraud, the additions to tax pursuant to sections 6651(a)(1) and 6653(a) were applicable. Respondent alleged the same facts in support of this allegation as were alleged in support of the fraud allegation. On May 22, 1980, Edward H. Weinberg entered an appearance as an attorney on behalf of petitioner. On June 20, 1980, a reply was filed denying *284 the fraud and negligence allegations of the answer. We granted leave to file the reply out of time. The case was set for trial on January 24, 1983 but on December 15, 1982, we granted a joint motion for continuance filed on November 23, 1982. The grounds for the motion were that a majority of respondent's records and certain of petitioner's records relating to the case were either only recently returned from or still in the hands of the United States Attorney for his use in connection with a grand jury investigation involving members of the New York Coffee and Sugar Exchange. On February 15, 1983, we granted Mr. Weinberg's Motion for Leave to Withdraw as Attorney for Petitioner. In that motion Mr. Weinberg states that petitioner has "engaged in an ongoing course of evasion and procrastination" in that he failed to respond in any manner to numerous letters from Mr. Weinberg. Specifically, Mr. Weinberg relayed from respondent a proposed settlement on October 4, 1982, and asked for petitioner's instructions as to whether the matter should be settled or further litigated. Although this letter was followed up with many phone calls to petitioner's Florida office, [3] he failed to *285 respond to Mr. Weinberg's request for instructions. On November 1, 1982, when Mr. Weinberg learned that this case had been set for trial on January 24, 1983, he wrote petitioner by regular and certified mail asking for specific instructions. Petitioner did not reply. On April 9, 1985, respondent wrote to petitioner in Florida. In the letter respondent requested that petitioner communicate with him to prepare the case for trial, or he would make a motion to dismiss the case for lack of prosecution. Petitioner did not reply. On August 20, 1986, petitioner was served at his Florida address with a Notice Setting Case for Trial on January 20, 1987. On November 4, 1986, respondent again wrote petitioner alerting him to the fact that the case had been set for trial and requesting that petitioner make contact with respondent's trial attorney so as to facilitate case preparation. On November 17, 1986, respondent again wrote to petitioner at his Florida address and enclosed a proposed stipulation of facts for his review. Respondent requested that petitioner contact him or face *286 a motion to dismiss the case. Petitioner replied to none of the communications. On December 5, 1986, respondent filed a Motion to Show Cause Why Proposed Facts in Evidence Should not be Accepted as Established pursuant to Rule 91(f). On December 8, 1986, we issued an Order to Show Cause under Rule 91(f). Petitioner failed to respond to such order within the time prescribed, and on January 7, 1987, we ordered that the facts and evidence set forth in respondent's proposed stipulation of facts be deemed established for purposes of this case pursuant to Rule 91(f)(3). On January 20, 1987, this case was called from the calendar and no appearance was made by or on behalf of petitioner. Respondent at that time made the motions under consideration here. FINDINGS OF FACT [4]
*287 At the time of filing of the petition, petitioner resided in Kings Point, NY. During the taxable years in issue petitioner was a commodities broker. He was not a dealer in commodities futures. He bought and sold commodities for the accounts of his clients as well as for his own account. Petitioner's 1971 earned income and bank deposits not shown to be nontaxable were $14,404.07. Based on this figure, his total 1971 tax liability is $3,708.19, none of which was reported on a timely filed return and only $1,714 of which was reported on any return. Petitioner's 1972 earned income, interest income [5] and bank deposits not shown to be nontaxable were $22,175.95. [6] None of petitioner's total 1972 tax liability [7] was reported on a timely filed return and only $7,155.00 was reported on any return. *288 Petitioner's 1973 earned income, dividend income, and bank deposits not shown to be nontaxable were $77,206.00. [8] Based on this figure his total 1973 tax liability is $40,807.25, [9] none of which was reported on a timely filed return and only $5,216 of which was reported on any return. During the years in issue, petitioner maintained nominee brokerage accounts in the name of his brother, not all of which were revealed to respondent during an investigation of petitioner's income tax liabilities for the years in issue, even in response to a direct question about such accounts. Petitioner destroyed Forms W-2, brokerage account statements, and Forms 1099, which he received for 1972 and 1973 from payors *289 of income to him during those years. Petitioner failed to maintain or to submit for respondent's examination complete and adequate books of accounts of his income-producing activities for each of the years at issue. Petitioner failed to file timely individual Federal income tax returns for each of the years 1971, 1972 and 1973 and filed no returns for those years until after he learned he was under investigation by respondent. Petitioner did not obtain extensions of time within which to file timely returns for the years at issue. Petitioner was aware of his obligation to file timely Federal income tax returns for each of the years at issue. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy if there are no genuine issues of material fact. Rule 121(b). The burden of proving that there are no genuine issues of material fact is on the moving party. . Petitioner has the burden of proving the statutory notice is incorrect. Rule 142(a). Petitioner did not appear at the trial session at which his case was called. He has not presented any *290 evidence in support of his position. There is no material fact at issue. Respondent is entitled to a decision on the deficiencies as a matter of law, except as noted. [10] Summary judgment as to the deficiencies, as modified, will be granted. With respect to the additions to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Section 7454(a); Rule 142(b); ; (1970. Respondent's burden can be satisfied through the compelled stipulation process of Rule 91(f). [11] The material facts in the stipulation with respect to fraud which have been deemed admitted clearly and convincingly establish that for the taxable years in issue, an underpayment of tax exists and part of the underpayment *291 is due to fraud with intent to evade tax. Since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. [12] Respondent's Motion for Summary Judgment as to fraud will be granted, as modified. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although petitioner generally put in dispute all the deficiencies and additions, specific allegations of error were not made with respect to some of the 1971 wage income, any of the 1972 interest income, or any of the 1973 capital gains income determined by respondent as part of the deficiencies.↩
3. Apparently, petitioner moved to Florida in early 1981 under a Federal witness protection program.↩
4. Our findings are based on the facts deemed stipulated under Rule 91(f)(3). Occasionally, such as in the case of our finding that petitioner is not a dealer in commodities futures, the legal impact of the finding (i.e., the inapplicability of sec. 108 of the Tax Reform Act of 1984 as amended by sec. 1808(d)(4) of the Tax Reform Act of 1986, 100 Stat. 2818), would also be supported by petitioner's failure to adduce evidence showing the statute's applicability.↩
5. No facts in evidence address this interest item, but because of the presumption of correctness accorded the statutory notice, we find petitioner earned the interest. ↩
6. The stipulated facts itemize only $22,175.95 in unreported income. The higher figure of $25,163.54 is also given in the stipulation, but in conclusory fashion. We accept the lower figure. ↩
7. The stipulation states petitioner's total 1972 tax liability to be $9,196.47. The sum of the deficiency determined by respondent and the amount on the return in evidence, however, is $9,169.19. We accept the lower figure, but also note that even this figure needs downward adjustment. See n. 6, above.↩
8. Mathematical errors in the itemized portion of the stipulation make it unclear whether petitioner's total gross income is $71,192.67 or $79,263.82. Since the net figure in the text above corresponds to the deficiency notice, we disregard the ambiguity. ↩
9. The sum of the deficiency determined by respondent and the amount on the return in evidence is $40,809.25. The stipulation, however, recites as the correct tax liability the lower figure above. We use that lower figure.↩
10. The 1972 deficiency will have to be adjusted to accord with the lower of several income figures possible for that year. See nn. 6 and 7, above. The 1973 deficiency will also have to be adjusted. See n. 9, above.↩
11. See . See also .↩
12. Because respondent determined the fraud addition for 1972 and 1973 based on "underpayments" greater than those we approved, however, see nn. 7 and 9 above, the amount of that addition for those years must be reduced to accord with the lesser underpayments.↩